UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WAYNE WOOLEY, SR.,       ) | |
| )       | |
| Plaintiff,       ) | |
| )       | |
| vs.       ) | Case Number: 2:11-cv-3709-SLB |
| )       | |
| BIRMINGHAM SHUTTLESWORTH       ) | |
| INTERNATIONAL AIRPORT,       ) | |
| )       | |
| Defendant.       ) | |

## MEMORANDUM OPINION

This case is before the court on defendant Birmingham Airport Authority's ("defendant") Motion to Dismiss. (Doc. 9.)[1] Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the defendant's Motion to Dismiss is due to be granted due to plaintiff's failure to effectuate service of process as ordered.

Plaintiff filed his complaint on October 21, 2011. The defendant was not served until December 4, 2012, more than thirteen months after the complaint was filed. "If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Pursuant to Federal Rule of Civil Procedure 4(c), "The plaintiff is responsible

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." On August 23, 2012, plaintiff was ordered by the court to serve the defendant "within the next thirty days or so." (Doc. 14 at 8.) No request was made for any additional extension of time to effect service. Even allowing some flexibility in a reasonable interpretation of the specific number of days in the court's directive, plaintiff failed to comply with the court's order by not serving the defendant until 102 days later.

There is no evidence in the record that the plaintiff had good cause for his failure to serve the defendant in a timely manner. Good cause "exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). The plaintiff's failure to perfect serve on the defendant pursuant to the 120-day period provided by Rule 4(m) and the 30-day extension allowed by the court on August 23, 2012, warrants dismissal of this action.[2] *See Anderson v. Osh Kosh B'Gosh*, 255 Fed. App'x 345, 347-48 (11th Cir. 2006) (holding that a *pro se* plaintiff's failure to effectively serve the defendant within 120 days after the complaint was filed warranted dismissal of the action without evidence of good cause).

---

[2]Defendant moves to dismiss the complaint on a number of other grounds which the court agrees would also warrant dismissal. However, because the complaint is due to be dismissed for failure to timely serve the defendant, the court will not address the alternative grounds for dismissal.

An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

Done this 25th day of September, 2013.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE